*414 OPINION of the Court, by
Judge Logan.
— Thi% is a contest for land, under conflicting claims. Hardin, who was the complainant below, sets up titles under the following entry, to wit.
“May 19th 1780 — Aronton Wickliff enters 200 acres upon a treasury warrant, on the waters of the Beech Fork, about half a mile a north course from a small salt lick on the Hunters’ trace, about 19 miles from Harrodsburg, to include a small improvement and a tree marked M. H. near a right hand trace leading to Pleasant run.”
The defendants hold under junior entries upon which elder patents have been obtained. Hence the only question for consideration is as to the entry and survey of the complainant.
The facts of the case are sufficiently identified and established: for although there is proof of other licks on the Hunters’ trace, yet the same evidence shews that taken conjointly with the other calls of the entry, the. cine intende^is sufficiently obvious. The principal: doubt in this cause arises upon the construetion of the, entry with respect to the manner of surveying it. Whether the calls for course and distance from the lick, shall be regarded as general description only, leaving the improvement and marked tree to regulate the position of the land ; or shall be considered also as locative calls, giving different figure thereto, forms the most doubtful point in the .cause.
*415 It is a correct principle in the construction of entrils, &s it is in the exposition of every instrument of writing, that it should be considered entire, viewing all its parts as formina one, and endeavor to give each expression . - i . . , , its appropriate and proper hearing: tor it ought to be presumed that the person using them intended each to have some weight and operation in the instrument. Be- . , ° . , I r • • , Sicks, where precise and othnite expressions are used, as conveying the meaning of a locator or the person using them, it would seem arbitrary to take from them their precision and effect, in substitution of general meaning. In the case before us, a course was unneces sary as descriptive only of the improvement; c..use the improvement was stated to be near, and was in fact on the path, and the path was particularly mentioned. Again, the course given in the entry does not lead to the improvement j and hence it might be inferred that the call for course was inti nded to appropriate the ground to which it directed ; especially as the next call directs to the improvement, and annexes a description of its situation, “ near a right band trace leading to Pleasant run,” as though the locator was considering it as at a different place from the other point of location, “ about half a mile a north course from a small salt lick on the Hunters’ trace.” We cannot perceive the use of the call lor course and distance from a given point on the trace, as descriptive onlyv of the improvement, since the improvement is described as being situated near a particular fork of the trace. But the locator having used an expression which has been frequently held sufficiently precise in relation to a particular spot of ground, and then coupled therewith another call leading to a distinct place, would seem justly to forbid the destruction of the former to the latter call, when both can stand together. We have supposed this construction of the entry is strengthened from the consideration that the locator intending to take theland situated between a north course from the lick on the path at about half a mile on that course, and the improvement aforesaid, including the latter, could not have been much more clearly or satisfactorily expressed, than in this entry has been done. But on the contrary, had he intended only an appropriation of the land around the improvement, then its description on the right hand *416 rfíce leading to Pleasant run frotrfsaid lick, would havé answered his object. Or had the course and distance succeeded the call for the improvement situated on the right hand trace, it would then seem as descriptive only of the improvcme'nt, which was intended to give position only to the claim. But from the expressions in the entry as used, we think the court below have correctly regarded the call for “ about half a mile a north course,” as a locative call, and have consequently correctly directed the manner of surveying the claim, by beginning half a mile north from the lick on the trace called for, and thence running such a course as at right angles therefrom will just include the improvement and marked tree called for opposite the middle of said line when extended far enough to comprehend the quantity by running a line parallel to the first, and thence at right angles to the btginning.-Decree affirmed.